IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

MICHELLE JARAMILLO,

    Plaintiff in Intervention,

vs.

ANTIGUA, INC., d/b/a MIKI'S COFFEE
SHOP and d/b/a THE BUTCHER SHOP,

    Defendant.

No. CIV - 01 861 M/KBM

**PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

## PROPOSED FINDINGS OF FACT

1. Plaintiff In Intervention, Michelle Jaramillo, hereinafter referred to as "Jaramillo", is presently a resident of Bernalillo County, New Mexico. At all times relevant to this action, she was a resident of Gallup, New Mexico and an employee of Defendant.

2. Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of Title VII.

3. At all times relevant to this action, Defendant Antigua, Inc., d/b/a Miki's Coffee Shop and d/b/a The Butcher Shop, hereinafter referred to as "Antigua", has continuously been doing business in the State of New Mexico in the City of Gallup and is an employer of 15 or more employees, as defined by Title VII of the Civil Rights Act (42 U.S.C. §2000-e et seq.) as amended.



4. Jaramillo timely filed charges of discrimination with the Equal Employment Opportunity Commission and has satisfied all conditions precedent to the filing of this action.

5. Jaramillo was employed by Antigua from March 7, 1999 through April 27, 1999 as a waitress at Miki's Coffee Shop.

6. At all times relevant to this Complaint, Jaramillo was a 15 year old, tenth grade high school student who was employed for the first time.

7. At all times relevant to this cause of action, Jaramillo was under the direct supervision and control of Antigua's assistant manager, Camarino Sanchez, hereinafter referred to as "Sanchez".

8. Shortly after Jaramillo began her employment, she was subjected to severe and pervasive sexually inappropriate comments, suggestions and touching by Sanchez.

9. Sanchez' sexual remarks and comments to Jaramillo caused her to suffer fear and apprehension regarding Sanchez' intended sexual action towards her.

10. On April 25, 1999, Antigua's assistant manager, Sanchez, raped Jaramillo while she was working at Antigua's restaurant.

11. Antigua's employee, Sanchez, negligently inflicted severe emotional distress upon Jaramillo by the outrageous conduct described above.

12. Antigua's employee Sanchez intentionally inflicted severe emotional distress upon Jaramillo by the outrageous conduct described above.

13. Antigua's employee, Sanchez' physical sexual acts were unwelcome and unpermitted by Jaramillo and constituted a battery.

14. The actions of Antigua's assistant manager, Sanchez, were done within the course and scope of his employment with Antigua.

15. Prior to Antigua hiring Jaramillo, Sanchez had sexually harassed other female employees and created a hostile work environment, such that said employees felt

compelled to resign.

16. Antigua knew that Sanchez engaged in harassing behavior towards its female employees and of the resignation from employment by female employees due to the hostile work environment and sexual harassment by Sanchez.

17. Antigua knew or should have known that Sanchez was a sexual predator and a danger to its female employees, including Jaramillo.

18. As a result of said sexual harassment and the hostile work environment created by Antigua, Jaramillo was compelled to resign from her employment with Antigua.

19. Sanchez' actions toward Jaramillo were malicious, willful and done with a wanton and reckless disregard of Jaramillo.

20. Antigua failed to take reasonable actions to protect its female employees, including Jaramillo, from the sexually harassing and predatory behavior of Sanchez or to discipline Sanchez and as a direct and proximate result of it's negligent supervision of it's employees, Jaramillo was sexually harassed and raped by Sanchez.

21. Antigua knew of Sanchez' sexual harassment of its female employees, including Jaramillo, and intentionally allowed the harassment to continue.

22. Antigua's failure to protect Jaramillo from the sexual harassment and predatory behavior of its employee Sanchez was malicious, willful and done with a wanton and reckless disregard of Jaramillo.

23. Jaramillo is within a protected class (female) and was treated differently by Antigua from male co-workers in the terms and conditions of her employment.

24. As a result of the sexual harassment and rape Jaramillo suffered while in Antigua's employ, she was severely traumatized and suffers from Major Depression including suicidal ideation, Generalized Anxiety Disorder and Panic Disorder with Agoraphobia.

25. As result of the sexual harassment and rape, Jaramillo is suffering from

permanent, severe emotional disorders.

26. Jaramillo requires immediate and extensive medical and psychological intervention to treat these disorders, including but not limited to, psychotherapy, medical care, medication and stress management

27. In connection with treating her emotional trauma and injuries from the above described incidents, Jaramillo has incurred Five Hundred Dollars ($500.00) in counseling expenses.

28. To treat her injuries, Jaramillo should attend yoga classes for a period of one year to help her with stress management. The reasonable and customary charge for these classes on a twice a week basis is One Thousand Three Hundred Eighty-Six and 14/100ths Dollars ($1386.14) including tax.

29. To treat and stabilize Jaramillo's emotional disorders, she should have weekly therapy sessions with a psychotherapist for eight months and bi-weekly sessions for sixteen months, for a total of 70 sessions. The reasonable and customary cost of a session of psychotherapy is $100 - $120 for a total cost of $7406.88 - $8888.25 including tax.

30. As a result of being wrongfully terminated from her employment with Antigua, Jaramillo lost Three Thousand Two Hundred Twenty-Four Dollars ($3240.00) in wages.

31. Pursuant to Jaramillo's common law tort claims, she is entitled to an award of general damages in excess of those damages under Title VII to compensate her for the severe physical and emotional injuries she has suffered and the permanent psychological injury she will continue to suffer in the sum of Three Million Dollars ($3,000,000.00).

32. Pursuant to Jaramillo's common law tort claims, she is entitled to an award of punitive damages in excess of those damages under Title VII to further deter Antigua from the type of malicious and willful conduct complained of herein in the sum

of One Million Dollars ($1,000,000.00).

## PROPOSED CONCLUSIONS OF LAW

33. The unlawful employment practices and other tortious acts which give rise to this cause of action are within the jurisdiction and venue of the United States District Court for the District of New Mexico.

34. This Court has jurisdiction pursuant to 28 U.S.C. §1331 et seq., 42 U.S.C. §2000-e et seq. and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.§1981a.

35. Antigua's actions toward Jaramillo were violations of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (Title VII).

37. Antigua is vicariously liable for Sanchez' actions under the doctrine of *respondeat superior*.

38. Antigua negligently inflicted emotional distress on Jaramillo.

39. Antigua intentionally inflicted emotional distress on Jaramillo.

40. Jaramillo has suffered damages as a result of Antigua's violations of Title VII.

41. Antigua breached its duty to properly supervise all of its employees, including its assistant manager, Sanchez.

42. Antigua breached it's duty to provide Jaramillo with a safe work environment.

43. Under Title VII and pursuant to her common law tort claims, Jaramillo is entitled to an award of past medical expenses in the amount of Five Hundred Dollars ($500) for counseling expenses.

44. Under Title VII and pursuant to her common law tort claims, Jaramillo is entitled to an award of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages which include her future medical expenses for yoga classes of One Thousand Three Hundred Eighty-Six and 14/100ths Dollars ($1386.14) and

psychotherapy of Eight Thousand Eight Hundred Eighty-Eight and 25/100ths Dollars ($8888.25).

45. Under Title VII and pursuant to her common law tort claims, Jaramillo is entitled to an award of back pay against Antigua in the amount of Three Thousand Two Hundred Twenty-Four Dollars ($3240.00).

46. On the common law tort claims raised in Plaintiff's Complaint in Intervention: Count II -Negligent Infliction of Emotion Distress; Count III - Intentional Infliction of Emotional Distress; Count IV - Negligent Supervision; Count V - Negligent Failure to Provide a Safe Work Environment; and Count VI - Assault and Battery, Jaramillo is entitled to an award of general damages in the sum of Three Million Dollars ($3,000,000.00) to compensate her for the severe pain and trauma she has suffered and for the permanent psychological injury she has sustained.

47. On the common law tort claims raised in Plaintiff's Complaint in Intervention: Count II -Negligent Infliction of Emotion Distress; Count III - Intentional Infliction of Emotional Distress; Count IV - Negligent Supervision; Count V - Negligent Failure to Provide a Safe Work Environment; and Count VI - Assault and Battery, Jaramillo is entitled to an award of punitive damages against Antigua in the amount of One Million Dollars ($1,000,000.00) which is an amount sufficient to deter Antigua from such willful and malicious conduct.

RESPECTFULLY SUBMITTED this 15th day of November, 2002.

LAW OFFICE OF SARA J. POWELL

Sara J. Powell, NM State Bar No. 3929
8170 North 86th Place, Suite 102
Scottsdale, Arizona 85258-4308
Telephone : (480) 596-8822
Attorney for Plaintiff in Intervention,
Michelle Jaramillo

Original Proposed Findings of Fact and Conclusions of Law mailed to Clerk of the District Court this 15 day of November, 2002.

COPY of the foregoing Proposed Findings of Fact and Conclusions of Law mailed this 15 day of November, 2002, to:

The Honorable Karen B. Molzen
Magistrate Judge
United States District Court
200 East Griggs, Third Floor
Las Cruces, New Mexico 88001

Sandra Padegimas, Esq.
EEOC Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Veronica Molina
Trial Attorney for the Plaintiff EEOC
505 Marquette NW, Ste 900
Albuquerque, NM 87102

Mario and Mary Morales
11662 Desert Hills
Sun City, AZ 85351

_Sherry Hauser_

7