# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

MICHELLE JARAMILLO,

        Plaintiff in Intervention,

  vs.                                            CIV 01-861 M/KBM

ANTIGUA, INC., d/b/a MIKI'S COFFEE SHOP
and d/b/a THE BUTCHER SHOP,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Default judgment in this matter was entered by the late Senior District Judge Edwin L. Mechem against the Defendant on both the Complaint and Complaint in Intervention. Judge Mechem directed that I was to hold evidentiary hearings on the issue of damages and make recommended findings of fact and conclusions of law. The defendant through its owner/president, Mario M. Morales, was duly notified of the hearings on both May 7, 2002 and November 27, 2002, but Defendant chose not to participate. Having reviewed the evidence and testimony received at those hearings, I recommend that the new presiding judge adopt these proposed findings of fact and conclusions of law as to damages and requested injunctive relief.

## PROPOSED FINDINGS OF FACT

1. Plaintiff in Intervention, Michelle Jaramillo, hereinafter referred to as "Jaramillo," is presently a resident of Bernalillo County, New Mexico. At all times relevant to this action, she was a resident of Gallup, New Mexico and an employee of Defendant.

2. Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America, charged with the administration, interpretation and enforcement of Title VII.

3. At all times relevant to this action, Defendant Antigua, Inc., d/b/a Miki's Coffee Shop and d/b/a The Butcher Shop, hereinafter referred to as "Defendant," was continuously doing business in the State of New Mexico in the City of Gallup.

4. At all times relevant to this action, Defendant had 15 or more employees, as defined by Title VII of the Civil Rights Act (42 U.S.C. §2000-e *et seq.*) as amended.

5. Jaramillo timely filed charges of discrimination with the EEOC and has satisfied all conditions precedent to the filing of this action.

6. Jaramillo was employed by Defendant from March 7, 1999 through April 27, 1999 as a waitress at Miki's Coffee Shop.

7. Jaramillo was then a 15 year old, tenth grade high school student who was employed for the first time.

8. Jaramillo was under the direct supervision and control of Defendant's assistant manager, Camarino Sanchez, hereinafter referred to as "Sanchez".

9.  Shortly after Jaramillo began her employment, she was subjected to severe and pervasive sexually inappropriate comments, suggestions and touching by Sanchez.

10.  Sanchez' sexual remarks and comments to Jaramillo caused her to suffer fear and apprehension regarding Sanchez' intended sexual action towards her.

11.  On April 25, 1999, while Jaramillo was engaged in her employment duties at Defendant's restaurant, she was raped by Sanchez who was supervising her.

12.  Sanchez' physical sexual acts were unwelcome and unpermitted by Jaramillo and constituted both an assault and battery.

13.  Sanchez' actions toward Jaramillo were malicious, willful and done with a wanton and reckless disregard of Jaramillo's rights.

14.   The above actions of Sanchez were done within the course and scope of his employment as assistant manager with Defendant.

15.  Sanchez inflicted severe emotional distress upon Jaramillo by the outrageous conduct described above.

16.  Prior to Defendant hiring Jaramillo, Sanchez had sexually harassed other female employees and had created a hostile work environment, such that other female employees felt compelled to resign.

17.  Defendant knew that Sanchez engaged in harassing behavior towards its female employees and was aware that female employees had resigned their employment with Defendant because of the hostile work environment and sexual harassment by Sanchez.

3

18.  Defendant knew or should have known that Sanchez was a sexual predator and a danger to its female employees, including Jaramillo.

19.  As a result of the sexual harassment and the hostile work environment created by Defendant, Jaramillo was compelled to resign from her employment with Defendant.

20.  Defendant failed to take reasonable actions to protect its female employees, including Jaramillo, from the sexually harassing and predatory behavior of Sanchez or to discipline Sanchez.

21.  As a direct and proximate result of Defendant's negligent supervision of its employees, Jaramillo was sexually harassed and raped by Sanchez.

22.  Moreover, Defendant knew of Sanchez' sexual harassment of its female employees, including Jaramillo, and intentionally allowed the harassment including unwanted physical touching to continue.

23.  Defendant's failure to protect Jaramillo from the sexual harassment and predatory behavior of its employee Sanchez was malicious, willful and done with a wanton and reckless disregard of Jaramillo's rights.

24.  Jaramillo is within a protected class (female) and was treated differently by Defendant from male co-workers in the terms and conditions of her employment.

25.  As a result of the sexual harassment and rape Jaramillo suffered while in Defendant's employ, she was severely traumatized and consequently suffers permanent, severe emotional disorders from major depression including suicidal ideation, generalized anxiety disorder and panic disorder with agoraphobia.

4

26.  Jaramillo requires immediate and extensive medical and psychological intervention to treat these disorders, including but not limited to, psychotherapy, medical care, medication and stress management

27.  In connection with treating her emotional trauma and injuries from the above described incidents,  Jaramillo has incurred $500.00 in counseling expenses.

28.  To treat her injuries, Jaramillo should attend yoga classes for a period of one year to help her with stress management.  The reasonable and customary charge for these classes on a twice a week basis is $1,386.14 including tax.

29.  To treat and stabilize Jaramillo's emotional disorders, she should have weekly therapy sessions with a psychotherapist for eight months and bi-weekly sessions for sixteen months, for a total of 70 sessions. The reasonable and customary cost of a session of psychotherapy is $100 - $120 for a total cost of $7,406.88 - $8,888.25 including tax.

30.  As a result of being wrongfully terminated from her employment with Defendant, Jaramillo lost $3,240.00 in wages.

31.  To compensate Jaramillo for the severe physical and emotional injuries she has suffered and the permanent psychological injury she will continue to suffer in the future, her damages exceed the Title VII cap of $50,000.00.  Pursuant to Jaramillo's common law tort claims for which no cap applies, Jaramillo is entitled to an award of general damages in the sum of One Million Dollars ($1,000,000.00).

32.  Pursuant to Jaramillo's common law tort claims, she is entitled to an award of punitive damages in excess of those damages under Title VII to further deter Defendant

from the type of malicious and willful conduct complained of herein in the sum of

$200,000.00.

## PROPOSED CONCLUSIONS OF LAW

33. The unlawful employment practices and other tortious acts which give rise to

this cause of action are within the jurisdiction and venue of the United States District

Court for the District of New Mexico.

34. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 *et seq*., 42 U.S.C.

§ 2000-e *et seq*. and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

35. Defendant's actions toward Jaramillo were violations of the Civil Rights Act

of 1964, as amended by the Civil Rights Act of 1991 (Title VII).

36. Defendant is vicariously liable for Sanchez' actions under the doctrine of

*respondeat superior.*

37. Defendant negligently and/or intentionally inflicted emotional distress on

Jaramillo.

39. Jaramillo has suffered damages as a result of Defendant's violations of Title

VII.

40. Defendant breached its duty to properly supervise all of its employees,

including its assistant manager, Sanchez.

41. Defendant breached it's duty to provide Jaramillo with a safe work

environment.

42. Under Title VII and pursuant to her common law tort claims, Jaramillo is

entitled to an award of past medical expenses in the amount of $500 for counseling

expenses.

43. Under Title VII and pursuant to her common law tort claims, Jaramillo is

entitled to an award of $50,000.00 in compensatory and punitive damages which include

her future medical expenses for yoga classes of $1,386.14 and psychotherapy of

$8,888.25.

44.  Under Title VII and pursuant to her common law tort claims, Jaramillo is

entitled to an award of back pay against Defendant in the amount of $3,240.00.

45.  On the  common law tort claims raised in Plaintiff's Complaint in

Intervention: Count II -Negligent Infliction of Emotion Distress; Count III - Intentional

Infliction of Emotional Distress; Count IV - Negligent Supervision; Count V - Negligent

Failure to Provide a Safe Work Environment; and  Count VI - Assault and Battery,

Jaramillo is entitled to an award of general damages in the sum of One Million Dollars

($1,000,000.00) to compensate her for the severe pain and trauma she has suffered and

for the permanent psychological injury  she has sustained.

46.  On the  common law tort claims raised in Plaintiff's Complaint in

Intervention: Count II -Negligent Infliction of Emotion Distress; Count III - Intentional

Infliction of Emotional Distress; Count IV - Negligent Supervision; Count V - Negligent

Failure to Provide a Safe Work Environment; and  Count VI - Assault and Battery,

Jaramillo is entitled to an award of punitive damages against Defendant in the  amount of

$ 200,000.00 which is an amount sufficient to deter Defendant from such willful and

malicious conduct.

47.   Under Title VII, the EEOC is entitled to a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, including sexual harassment.

48.   Under Title VII, the EEOC is entitled to an Order of the Court requiring Defendant  to institute ad carry out policies, practices and programs which provide equal employment opportunities for individuals who are female and which eradicate the effects of its past employment practices.

49.   Under Title II, the EEOC is entitled to and Order from the Court requiring Defendant to notify the EEOC that Defendant has re-entered business activity in New Mexico.

50.     Under Title VII, the EEOC is entitled to its costs in prosecuting this action.

51.     Under Title VII, Jaramillo is entitled to her reasonable attorney fees and costs in prosecuting this action in intervention.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the presiding judge adopt the above findings and conclusions and enter judgment against Defendant in conformity therewith.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A**

**party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_Karen B Molzen_

UNITED STATES MAGISTRATE JUDGE